CASE 115—ACTION BY H. N. FISHER AGAINST THE WESTERN UNION
TELEGRAPH CO., FOR DAMAGES FOR MISTAKE IN TELEGRAM.—FEB. 21.

# Fisher v. Western Union Telegraph Co.

APPEAL FROM GREENUP CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT.   PLAINTIFF APPEALS.   REVERSED.

TELEGRAPHS—NEGLIGENT TRANSMISSION OF MESSAGE—OFFER TO SELL
GOODS.

1. Where plaintiff's offer to sell lumber at $35 per thousand was negligently transmitted by defendant telegraph company, so as to read $25, and was accepted and the lumber furnished by plaintiff without knowledge of the mistake, he was entitled to recover from the telegraph company for the resulting damage.

J. B. BENNETT, ATTORNEY FOR APPELLANT.

Our contention is that an action will lie against a telegraph company for failure to use reasonable care and diligence to correctly transmit and deliver messages delivered to them for transmission, when such failure is the proximate cause of injury to the party complaining.

### CITATIONS.

Thompson on Negligence, vol. 2, pages 932, 995, 998; A. & E. Ency., Plead., Pr., vol. 21, page 507; Taliaferro v. Western Union Tel. Co., 54 S. W., 825; Postal Tel. Cable Co. v. Schafer & Sons, 110 Ky., 907.

RICHARDS & RONALD, ATTORNEYS FOR APPELLEE.

1. We insist that plaintiff was under no legal obligation to deliver to N. Fisher the lumber at the price of $25 per thousand, as by reason of the mistake in the message the minds of the parties had never met, and there was no binding contract between them.

(a) There was no allegation in the petition that the mistake was not discovered until after the delivery of the lumber.

(b) Even if Fisher was allowed to receive the lumber before the error was discovered, there being no contract between the plaintiff and Fisher, the latter was chargeable with the reasonable market value of the lumber at the time he took it.

(c) It is nowhere alleged in the petition that the market value of the lumber was less than $35 per thousand or that this sum could not be realized for it.

(d) There is no allegation that said lumber was not worth or could not have been sold at $35 per thousand feet when plaintiff ascertained the mistake in the message, and so failing to show that the market price was less than the contract price, or that he suffered any loss by reason of the error, he fails to state a cause of action.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This action was instituted by the appellant in the Greenup circuit court. A general demurrer to the petition was sustained; he declined to plead further, and a judgment was rendered dismissing the petition, from which he appeals.

The petition disclosed the following facts: That appellant was engaged in the manufacture and sale of lumber in Webbville, Lawrence county, Ky., and that on the 11th of January, 1901, he delivered to the agent of the appellee the following message:

"Webbville, Ky., January 11, 1901. N. Fisher, Vermillion, Ohio: Will furnish bill at thirty-five net to me Cleveland. H. N. Fisher"—meaning that appellant would sell and deliver 49,410 feet of lumber at Cleveland, Ohio, at the price of $35 per thousand feet net. It was alleged that this message was delivered to the sendee, N. Fisher, by the appellee,

Fisher v. Western Union Tel. Co.

reading exactly as the above, except the word "twenty" was used instead of"thirty." On January 12, 1901, N. Fisher wired the appellant as follows: "Vermillion, O. January 12,1901, H. N. Fisher, Webbville, Ky.: Get out Bradley bill as soon as possible. Will write. N. Fisher." It was alleged that the expression "Bradley bill," used in this message, referred to the lumber quoted in the message sent by the appellant to N. Fisher, and that in pursuance of this message appellant at once shipped and delivered at Cleveland, Ohio, to one Bradley, the number of feet referred to above; that he delivered this lumber to Bradley upon the faith of his message, and that he was to receive therefor the price of $35 per thousand feet; that when he presented his bill to N. Fisher for payment he refused to pay more than $25 per thousand, and presented to this appellant the telegram reading $25 per thousand; that this bill of lumber having theretofore been delivered by him to Bradley, upon the order of N. Fisher, he could not and did not collect from N. Fisher more than $25 per thousand feet. Construing the petition as a whole, it charged that appellant did not discover and had no knowledge of the error committed by the appellee in the transmission and delivery of his telegram first herein copied until after the delivery of the lumber to Bradley at Cleveland, Ohio. It was also alleged that by reason of the failure of the appellee to keep and perform its agreement and undertaking to properly and correctly transmit and deliver the telegram first herein named to N. Fisher, as it undertook to do, the appellant had been damaged in the sum of $494.10, and he asked judgment against appellee for that sum.

The appellee insists that the action of the lower court in sustaining the demurrer was correct, and cites as the only authority sustaining this position the case of Postal Tele-

graph Cable Co. v. Schaefer, etc., 110 Ky., 907, 23 R., 344, 62 S. W., 1119.   In that case the mistake was discovered while the potatoes were in transit and before any delivery had been made to the consignees, and it was the duty of Schaefer to stop the potatoes in transit and to prevent their delivery to the consignees, if he could have done so by the exercise of ordinary care and diligence, and thereby have prevented as much loss as possible.   In that case the court said, in substance, where a telegraph company negligently delivered a different message from that it was authorized to deliver, so that the sender was represented as offering goods at a lower price than that at which he had in fact offered them, and the supposed offer was accepted in ignorance of the mistake, there was no contract, and the sender was not bound to deliver the goods at the lower price.   But in the case at bar there was a delivery of the goods before the mistake was discovered; and the delivery was to a third party, Bradley & Co., lumber dealers in the city of Cleveland, Ohio, with whom appellant had no contract or dealings.

Whether or not appellant had any cause of action against N. Fisher, the sendee of the message, we do not decide, as that matter is not now before us.   But even if he did have, he has refrained from incurring extraordinary expense in litigating the matter in a foreign State, and is seeking to recover from the party primarily liable by reason of its alleged negligence.   We are therefore of the opinion that the lower court erred in sustaining a demurrer to appellant's petition.

Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent herewith.