CASE 85.—ACTION BY H. N. FISCHER AGAINST THE WESTERN UNION TELEGRAPH COMPANY.—May 11, 1909.

## Wesern Union Tel'g Co. v. Fischer

Appeal from Greenup Circuit Court.

S. G. KINNER, Circuit Judge. ·

Judgment for plaintiff, defendant appeals.—Affirmed.

Telegraphs and Telephones—Mistake in Message—Action—Damages.—Where a telegraph company, in transmitting a message embracing an offer to sell lumber at a specified price, substituted a lower price, and in ignorance of the change the offer was accepted, and the sender shipped the lumber, which was delivered, and was compelled to receive the substituted price, the measure of damages was the difference between the price the sender received for the lumber and its fair market value at the place of delivery.

RICHARDS & RONALD for appellant.

This action is prosecuted to reverse the judgment of the Greenup Circuit Court awarding to appellee the sum of $494.10 as damages for breach of a contract to correctly deliver the following message:

"Webbville, Ky., January 11, 1901.

"N Fisher,

"Vermillion, Ohio.

"Will furnish bill at thirty-five net to me, Cleveland.

"H. N. Fisher."

It is claimed that in the transmission of said message the word "thirty" was changed to "twenty," and that appellee delivered said lumber and was only able to collect therefor twenty-five dollars per thousand feet instead of thirty-five dollars per thousand feet. This case has been heretofore before this court and will be found reported in 119 Ky., page 885.

Appellant asks a reversal of this action on two propositions:

First. That the measure of damages as laid down in instruction No. three was incorrect.

Second: That there was no proof upon which the jury could estimate the damages under the instruction as given.

Western Union Tel. Co. v. Fischer.

### AUTHORITIES CITED.

Postal Telegraph Cable Co. v. Shafer, 110 Ky. 907; Sanford v. Peck, 63 Conn. 493; Murray v. Stanton, 99 Mass., 345; Cent. R. Co. v. Skellie, 86 Ga. 693; Armour v. Ross, 35 S. E. 787; Hudson R. Co. 60 N. W. 608; Hoxsie v. Lumber Co., 41 Minn. 548; Lush v. Druse, 4 Wend. 317; Newport News & Miss. V. Co. v. Wilson, 16 Ky. L. Rep. 662; Barrett v. The Wacousta, 2 Fed. Cases, 928-929; Lowe v. City of Omaha, 33 Neb. 587; 50 N. W. 760-763; Douglas v. Merceles, 25 N. J. Equity 144; Montana R. Co. v. Warren, 12 Pac. 641; Lush v. Druse, 4 Wend. 313.

SIMEON S. WILLIS for appellee.

### POINTS AND AUTHORITIES.

1. Liability of appellant herein was settled on the former appeal. Fischer v. Western Union Telegraph Co., 119 Ky. 885.

2. The evidence in the record proves every fact alleged in the petition and the defendant offered no evidence. See Bill of Exceptions, pages 19 to 51.

3. The fourth assignment of error is too general to merit attention. McLain v. Dibble, 13 Bush, 297; Slater v. Sherman, 5 Bush 206; Commonwealth v. Williams, 14 Bush 297; Jones v. Wocher, 90 Ky. 230.

4. The correct criterion of damages was given the jury. Postal Telegraph Cable Company v. Schaefer, 110 Ky. 917.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.— Affirming.

The appellee recovered of appellant in the court below a verdict and judgment for $494.10 damages, resulting, as alleged, from the failure of the latter to correctly transmit and deliver the following telegram: "Webbville, Ky., January 11, 1901.  N. Fischer, Vermillion, Ohio.  Will furnish bill at $35.00 net to me, Cleveland.  H. N. Fischer."  It was alleged in the petition that the telegram was an offer on the part of appellee to furnish N. Fischer, at Cleveland, Ohio, for delivery to the Bradley Company, of that city, 49,410 feet of lumber at $35 per M feet, which offer was sent pursuant to a request from N. Fischer; that the telegram was delivered by appellant to the sendee with the figures "$25.00" substituted for "$35.00,"

and that this mistake resulted from the negligence of appellant's servants intrusted with the transmission and delivery of the telegram. It was further alleged in the petition that the Bradley Company, without notice of the mistake in appellee's telegram, caused N. Fischer to telegraph him its acceptance of the offer contained therein and directed the immediate shipment of the lumber to them, and that appellee, being likewise in ignorance of the mistake in the telegram sent by him, shipped and delivered to the Bradley Company at Cleveland the 49,410 feet of lumber, supposing he was to be paid for it at the rate of $35 per M feet, and did not learn of the mistake made by appellee's servants in his telegram until he made a settlement with the Bradley Company, in which he was compelled to accept of them payment for the lumber at the rate of $25 per M feet, thereby causing to him a loss of $494.10. Appellant filed a demurrer to the petition, which was sustained in the court below, and, as appellee refused to plead further, his action was dismissed. From the judgment resulting from these rulings he appealed, and this court, being of opinion that the petition stated a cause of action, reversed the judgment and remanded the case, with directions to the circuit court to overrule the demurrer. Fischer v. Western Union Telegraph Co., 119 Ky. 885, 84 S. W. 1179, 27 R. 340. Following the return of the case to the court below, appellant filed an answer traversing the material averments of the petition. The trial resulted in a verdict and judgment in favor of appellee, as already indicated, and appellant, failing to obtain in the circuit court a new trial, by this appeal seeks a reversal of the judgment.

Though numerous grounds were filed in support of the motion for a new trial, appellant relies on but one for a reversal, viz: That the jury were improperly instructed by the trial court as to the measure of damages. The instruction as to the measure of damages reads as follows: "If you find for the plaintiff under the first instruction, you will allow him such sum in damages as will reasonably compensate him for the loss sustained, if any, and the measure of such damage is the difference between $25 per M feet for said lumber, and the reasonable market value of the same in Cleveland, Ohio, in January, 1901, not exceeding $494.10, the amount claimed in the petition." It is insisted for appellant that the mistake made by its servants in transmitting appellee's telegram did not prevent his selling the lumber in Cleveland at $35 per M, as it was not made to appear from the evidence that the intending purchaser would have accepted his offer to sell at that price if the telegram had been delivered as written. So, it is argued, at most appellee was only compelled by the mistake in the telegram to sell at $25 per M lumber for which he was entitled to receive the market price prevailing at Webbville, Ky., at the time the error was committed by appellant's servants, and therefore the measure of damages was the difference between the $25 per M appellee received for the lumber and its fair market value at Webbville. It is further insisted for appellant that as there was no evidence as to the market value of the lumber at Webbville, the jury should have found for appellant, and the court ought to have so instructed them.

We can not give our assent to these conclusions. The argument upon which they rest ignores the im-

portant fact that the mistake of appellant's servants
in the transmission of appellee's telegram caused him
to ship the lumber to Cleveland, Ohio, as well as to
accept $25 per M for it after it got there, and the tes-
timony is uncontradicted that he paid the freight on
it from Webbville to Cleveland. Suppose he had dis-
covered the mistake in the telegram after the lumber
reached Cleveland and before it was received by the
Bradley Company, and had refused as he might le-
gally have done, to deliver that company the lumber
at $25 per M, or that the company, learning of the
mistake in the telegram, had refused, as they also
would have had the right to do, to pay $35 per M for
it, he could nevertheless have sold it there for $35 per
M, for according to the evidence that was its fair mar-
ket value in Cleveland at the time. Had there been
no delivery of the lumber to the Bradley Company,
appellee could have elected to reship the lumber to
Webbville, and in that event recovered of appellant
the cost of its shipment from that place to Cleveland
and return; but he was not required to pursue that
course. On the contrary, it was his right to cast the
responsibility for the loss he sustained upon appel-
lant, whose negligence caused it, and the criterion of
damages was the difference between the price appel-
lant's negligence compelled him to receive for the lum-
ber and its fair market value at the place of delivery.
Manifestly no other rule would be just, for appellant
contracted to transmit and deliver the telegram it
received of appellee with knowledge of the fact, fur-
nished by the language of the telegram itself, that
Cleveland was where the lumber was to be delivered,
and this was notice to it that the parties to the lumber
deal were contracting with respect to the value of

such lumber on the Cleveland market. We think, therefore, that the measure of damages announced by this court in Postal Telegraph & Cable Co. v. Shaefer, 110 Ky. 907, 62 S. W. 1119, 23 R. 344, was properly applied by the trial court to this case. The amount of the verdict, $494.10, represents the exact difference between what appellee rceived at $25. per M for the 49,410 feet of lumber he shipped to the Bradley Company at Cleveland, and $35 per M, its fair market value there. The recovery, therefore, only compensates him for the loss he actually sustained through the negligence of appellee's servants.

We think the proof fairly sustains the averments of appellee's petition, and that no ruling of the trial court was prejudicial to the appellant's rights.

Wherefore the judgment is affirmed.